# In the Orphans' Court of Juniata County.

## *In re* ESTATE OF ROBERT GALLAGHER, Deceased.

Where a testator devised real estate to his widow for life, directing it to be sold on her death and the proceeds to be distributed, and the widow declined to take under the will, petitioning for partition and valuation under act of 20 April, 1869 (Brightley 530), *held*, 1. that the court had jurisdiction in such a case; 2. that the sale could take place immediately, without awaiting her death; 3. that the legatees cannot take at their valuation unless *all* are agreed.

PER CURIAM.

JUNKIN, P. J. The testator by his will said : "I give and devise unto my said wife for and during the term of her natural life, my mansion farm, &c. * * * At the death of my wife Jane, I direct the said real estate to be sold," and then divides the proceeds among his collateral heirs, as he had no children of his own. He then empowers his executor to sell said real estate, make conveyances, and appoints Joseph Rothrock executor. Will dated 30th March, 1872, and proved within thirty days thereafter. The widow declined the provisions of the will, and elected to take her statutory allowance, and petitioned the orphans' court, under act of 20th April, 1869, Brightly's Purdon, page 530, for partition and valuation, which was granted, and upon the return of the inquisition, the residuary legatees denied the jurisdiction of the court in the premises, and resisted confirmation.

Had the court jurisdiction ? Undoubtedly, under the above cited act, and the question is really not one of jurisdiction, but simply of administration, viz : how shall the provisions of the act be carried out ? Even this is readily answered. We must proceed as to the widow as if there was no will, and as to the legatees under its provisions ; in short, we must mould the proceedings so as to give her all she is entitled to in cases of intestacy, and distribute according to testator's intentions.

The life estate of the widow under the will is gone, and may be considered out of the field. Brown & Sterrott's Appeal, 3 Casey 62, it is merged in the greater estate of the executor. The postponement of the sale until her death was for her benefit ; she has waived it, and there is now nothing in the way of an immediate sale. Same case and Gast *v.* Porter, 1 Harris 533. The fund, or the interests of the legatees may be preserved in two ways : first, by the executor accepting at the valuation, and thus the dower of the widow is admeasured, the title remains in him for all the purposes of the trust, and on the decease of the widow he may execute the power of sale ; or inasmuch as the widow's life estate is out of the way, there is no longer any reason for postponing the sale ; and she having hastened this result, cannot complain, nor can the residuary legatees that they come speedily into the inheritance.

But I do not think that the legatees can take at the valuation unless *all* agreed to do so, which would then be an election to take land instead of the proceeds ; a sale is required to place them on a basis of equality, and is a closer execution of the will.

Unless this proceeding is sustained, the widow is practically outlawed, for she cannot go into the common pleas on the law or equity side. Mc-Nickle v. Henry, 28 Legal Int. 44, per Sharswood; her only remedy is under this act of 20th April, 1869. Neeld's Appeal, 20.Smith 113.

And now, 27th April, 1874. inquisition confirmed, with the usual rules granted &c.